United States District Court
Southern District of Texas
**ENTERED**
February 06, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| BELEAL GARCIA-GONZALEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:16-CV-14 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION

Plaintiff Beleal Garcia-Gonzalez, a federal prisoner proceeding pro se, has filed a "Motion for the Return of Seized Property" pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. (Docket No. 2.)[1] Plaintiff seeks the return of "personal property" that was allegedly illegally seized from him. (*Id.* at 2.) However, other than filing his original motion for return of property and documentation relating to his request to proceed in forma pauperis, Plaintiff has taken no further action in this case.

As discussed below, Plaintiff has failed to serve the Defendant, failed to comply with a court order regarding service of process, and otherwise failed to prosecute this action. Accordingly, the undersigned recommends that this action be dismissed.

### I. BACKGROUND

On September 23, 2010, a jury found Plaintiff guilty of three counts of sex trafficking of children by force, fraud, or coercion, one count of conspiracy to harbor illegal aliens within the

---

[1] Plaintiff's motion for return of property arises out of his criminal case, *United States v. Garcia-Gonzalez*, 7:10-cr-134-1. Movant also filed an action pursuant to 28 U.S.C. § 2255, *Beleal Garcia-Gonzalez v. United States*, 7:14-cv-501. Movant's § 2255 claims were denied, and that action has been dismissed. Docket entry references in this report are to the instant civil action, unless otherwise noted.

United States, and six counts of harboring illegal aliens within the United States.  (*United States v. Garcia-Gonzalez*, 7:10-cr-134-1, Cr. Docket No. 243, ¶¶ 1-5, 9.)  The District Court later sentenced Plaintiff to 360 months imprisonment based on the jury's verdict.  As part of the criminal judgment, Plaintiff must pay over one million dollars in restitution to the victims.  (Cr. Docket No. 402.)

In July 2015, approximately five (5) years after the jury found Plaintiff guilty, he filed the instant "Motion for the Return of Seized Property."  (Docket No. 2.)  Plaintiff requests the return of the following items allegedly seized by the U.S. Government: 1) $5,000 in cash; 2) three cell phones; 3) personal photos that were stored in cell phones: 4) pictures; 5) one video camera; 6) CDs; 7) personal paperwork and legal documents; 8) birth certificates of children; 9) two identification cards; and 10) any other personal property that was not part of a forfeiture proceeding.  (*Id.* at 2.)  Plaintiff alleges that on January 13, 2010, these items were seized from "his place of business and residence" as a result of an illegal search and seizure.  (*Id.* at 3.)

Plaintiff initially filed his motion for return of property in his underlying criminal case.  (Cr. Docket Nos. 372, 374.)  Because Plaintiff filed his motion after the conclusion of his criminal case, his motion was construed as a civil action and Plaintiff was directed to either pay the $400 filing fee or submit an application to proceed in forma pauperis, along with the required supporting financial information.  (Docket No. 1.)  Plaintiff later filed a motion to proceed in forma pauperis.  (Docket No. 3.)  The undersigned informed Plaintiff that even if he were to be granted pauper status, the Prison Litigation Reform Act ("PLRA") applied to his civil action, and he would be required to pay the full amount of the filing fee in installments when available.  (Docket No. 5, at 1 (citing 28 U.S.C. § 1915(b) and *Pena v. United States*, 122 F.3d 3, 4-5 (5th Cir. 1997)).  Plaintiff responded by filing a "Motion to Authorize Funds to be Withdrawn from

Inmate Account," which indicated that Plaintiff wished to proceed with his civil action notwithstanding the requirements of the PLRA. (Docket Nos. 6, 7.)

However, since August 2016, Plaintiff has taken no further action in this case. On October 5, 2018, Plaintiff was alerted that he has apparently "taken [no] action to serve the defendant with process." (Docket No. 9, at 2.) He was also instructed on the steps he should take to effect service of process. (*Id.* at 1-2.) Plaintiff was given thirty (30) days to either "effectuate service of process on all named defendants" or "complete a summons for each named defendant . . . and return them attached to a motion requesting the Court to appoint a deputy U.S. Marshal to serve process for Plaintiff pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure." (*Id.* at 2-3.) Plaintiff did not respond to the order, nor has he taken any further action in this case.

## II. ANALYSIS

Plaintiff's action is subject to dismissal for failure to prosecute. Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b). Such a dismissal may be made upon motion by the opposing party or on the court's own motion. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). While a court should be "appropriately lenient" with a party who is proceeding pro se, the "'right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). Plaintiff has failed to comply with the relevant rules and to prosecute this action in at least two ways.

First, Plaintiff has failed to take any action to serve the Defendant. "A motion for the return of seized property is a suit against the United States for property or money" and "is a civil

proceeding." *Pena v. United States*, 122 F.3d 3, 4–5 (5th Cir. 1997). As such, Plaintiff is required to comply with the Federal Rules of Civil Procedure. Pursuant to Rule 4(c), Plaintiff is responsible for serving the summons and complaint on the Defendant. Proper service requires strict compliance with Rule 4. *Rogers v. Hartford Life and Accident Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999) ("service of process must occur in accordance with Federal Rule of Procedure 4"). The time limit for service is set out in Rule 4(m), which provides (in relevant part):

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

Where, as here, a plaintiff is permitted to proceed in forma pauperis, the court will, "[a]t the plaintiff's request," order that service be made by a United States marshal, deputy marshal, or other appropriate person. FED. R. CIV. P. 4(c)(3); *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 447 (5th Cir. 1996); *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) ("at a minimum, a plaintiff should request service"). In making such a request, the plaintiff must also prepare a summons for each defendant and present it to the clerk to be signed, sealed, and issued for service. FED. R. CIV. P. 4(b); *see Cornish v. Tex. Bd. of Criminal Justice Office*, 141 F. App'x 298, 301 (5th Cir. 2005) (IFP plaintiff satisfied Rule 4 where he "identified the defendants and obtained a summons for each defendant from the clerk"). Because Plaintiff in this case has failed to comply with the requirements of Rule 4, this action should be dismissed. *See* FED. R. CIV. P. 4(m).

Second, Plaintiff has failed to comply with a court order and has otherwise failed to prosecute this action. Recognizing that Plaintiff had failed to serve the Defendant and that the

4

90-day time limit had long-since passed, the undersigned entered an order noting Plaintiff's failure and explaining the steps he should take to attempt to remedy that defect.[2] (Docket No. 9.) Plaintiff was given thirty (30) days in which to take appropriate steps to serve the Defendant. (*Id*.) Plaintiff failed to comply with the order. In fact, Plaintiff has failed to take any action in this case, other than filing his initial pleading and materials relevant to his in forma pauperis status.

Plaintiff's civil action seeking the return of property is thus subject to dismissal both because he failed he has failed to timely serve the Defendant and failed to comply with the Court's order. *See Estrada v. United States*, 7:16-MC-244, 2017 WL 4457588 (S.D. Tex. Sept. 13, 2017) (recommending dismissal of a motion for return of property based on a failure to prosecute); *see also Cadena v. United States*, 3:17-CV-1815, 2017 WL 4570721 (N.D. Tex. Sept. 11, 2017) (recommending dismissal of a motion for return of property based on a failure to prosecute). No less drastic sanction is available here, given Plaintiff's failure to pursue this case in any way.[3]

### III. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Plaintiff's "Motion for the Return of Seized Property" (Docket No. 2) be DENIED and that this action be DISMISSED for failure to prosecute.

### NOTICE

---

[2] The undersigned reserved the issue of whether Plaintiff could show "good cause" for failing to timely serve the Defendant. *See* FED. R. CIV. P. 4(m).

[3] A copy of this Report will be sent to Plaintiff at the address he provided. Should Plaintiff respond to the Report, the District Court may then wish to consider whether less drastic sanctions might be appropriate.

The Clerk shall send a copy of this Report and Recommendation to Plaintiff, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on February 5, 2019.

_____
Peter E. Ormsby
United States Magistrate Judge